IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | PLAINTIFF |
| v. | CASE NO. 4:22CR00261 DPM | |
| JOHN HENSON | | DEFENDANT |
| TIPPANNEE WALLER HENSON | | CLAIMANT |

**PROTECTIVE ORDER**

The United States of America has moved for the entry of a protective order (ECF No. 53). Tippannee Waller Henson ("Claimant"), through her counsel, Johnson Ogles, has indicated that she does not object to the request. The motion is granted. The Court now orders the following:

1. Any Confidential Documents the United States produces to Claimant in the above-captioned case, together with all copies or transcripts of the Confidential Documents, may be used by the Claimant and its counsel only for purposes of addressing issues that arise in this ancillary proceeding and for no other purpose.

2. The United States shall designate as confidential any documents that it intends to be covered by this Order. The means of the designation shall be left to the discretion of the United States, provided that the designation clearly indicates which documents are subject to this Order. If Claimant disagrees that certain documents are confidential, Claimant may petition the Court for a determination of whether this Order properly covers such documents. If Claimant challenges the confidentiality of a document, it must continue to treat the document as subject to this Order unless the Court orders otherwise or the United States agrees to withdraw its confidential designation. The United States expects that it will supplement in discovery certain documents it considers to be confidential, including those documents specifically identified in the United States' first responses

to Claimant's first set of requests for production of documents, including bank records, financial documents, and DEA reports that may contain sensitive financial, personal, and investigative information. All personal information such as social security numbers, phone numbers, and other personal identifying information, as well as investigative information will be considered confidential and will be redacted.

3. The Parties are permitted to make the Confidential Documents available to the following persons: Claimant's counsel and any legal and support staff, paralegals, contractors, experts and investigators employed, hired, or affiliated with counsel for Claimant. However, before any person can make the Confidential Documents available to anyone other than a party or an attorney for a party and their office staff, the person must first ensure that the non-Party acknowledges and agrees in writing to be bound by the terms of this Order.

4. No Claimant, counsel, or employee, agent, or contractor of counsel for Claimant working on this case shall further disseminate the Confidential Documents or copies or transcripts of the Confidential Documents without further express written Order of this Court. Counsel for Claimant and all of their employees, agents, and contractors may freely discuss the contents of the Confidential Documents with Claimant, but counsel for Claimant may not retain any Confidential Documents or copies or transcripts of the Confidential Documents.

5. The parties shall file under seal any pleading that includes a Confidential Document as an exhibit or attachment or otherwise, subject to the Court's determination of the propriety of sealing the pleading.

6. Should the Claimant obtain different counsel, either in addition to or as a substitute for the current team, no person bound by this order shall transfer to new counsel any of the Confidential Documents, or copies or transcripts of the Confidential Documents, until the new

counsel acknowledges the requirements of and agrees to be bound by this Order.

    7.    Any violation of this Order may result in contempt of this Court and any other appropriate sanction.

    SO ORDERED this \_\_\_25th\_\_\_ day of March 2025.

    _____
    HON. D.P. MARSHALL JR.
    U. S. DISTRICT JUDGE