IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:22CR00261 DPM |
| | ) | |
| JOHN HENSON | ) | |

**RESPONSE TO UNITED STATES OF AMERICA'S SUPPLEMENTAL BRIEF**

Comes now the Claimant, TIPPANNEE WALLER-HENSON, by and through her attorney, John Ogles, and submits the following response to the USA's Supplemental Brief:

I.   **PROCEDURAL BACKGROUND**

The USA essential sets out a question of fact and wants this court to rule in its favor before a trial. That is why we have trials. Waller incorporates the two exhibits filed by the USA in support of her response. Waller incorporates her response to notice of judicial forfeiture action filed August 1, 2024. Waller incorporates the divorce decree entered between her and John Henson on January 4th, 2024. The seized funds were deemed martial property in paragraph 7 of the decree of divorce. The USA filed a forfeiture action and as soon as Defendant Waller found out about the seized funds she filed a claim.

II.   **PRIOR STATEMENTS BY TIPANNEE WALLER AND JOHN HENSON**

A.   The trial testimony of the parties (Exhibit 1 – Record of Final Divorce Hearing) and Wallers deposition (Exhibit 2 – Remote Video Deposition of Tippannee Waller Henson) are exhibits. Defendant Waller testified in her trial that she and her husband had many businesses and kept their money at the martial home in a box (Ex. 1, Pg 49-50). She also testified that she discovered Henson had taken the money and sold the property when he left (Ex. 1, Pg 51). Waller did not know the money was missing until she was informed by her counsel (Ex. 1, Pg 52). Waller was very credible when she was cross-examined starting on (Ex. 1, Pg 52). This court decides who is credible. Waller testified she did not

know Henson had that much money when he left and sold everything (Ex 1, Pgs 63 and 64). Furthermore, it is important to remember you don't ever see Defendants that live in Pulaski County with this amount of cash from selling Marijuana. This is not a case where the Defendant was driving from Mexico or Brownsville Texas hauling cocaine or other similar drugs.  Defendant is accused of selling Marijuana.  It's not credible to believe the Defendant had this much cash from selling Marijuana.

      B.      Defendant also testified in her deposition that they separated June 18th, 2018, (Ex. 2, Pg. 13).  She testified Henson paid the bills mostly by cash (Ex. 2, Pgs 21 and 22). She testified about all the parties' business (Ex. 2, Pgs 25-36).  She testified how they were paid (Ex. 2, Pgs 37-46).   She testified where they put the cash (Ex. 2, Pg 47).  She testified that her husband handled the money (Ex.2, Pg 55). She testified that trucks were sold in 2018 (Ex. 2, Pgs 71-77). She last counted the money in December 2017 (Ex. 2, Pgs 81-83).  She testified and explained how she is calculating to justify her claim for $583,000.00 (Ex. 2., Pgs 84-90).  She explained why they did not use banks (Ex. 2, Pgs 90-95).  She testified she went to get the cash to pay for her foreclosure and discovered the money was missing (Ex. 2, Pgs 101-103).  She attempted to report the missing cash stolen (Ex. 2, Pgs 103-106).

      III.      **THE LAW**

The cases cited by the USA support Waller's argument.  She claims the money was earned during the marriage.  It's a question of facts.  It should be uncontested that Waller has an interest in the cash.  The Pulaski County Circuit Judge ruled it was marital property.  Waller denies that the cash was from the proceeds of selling marijuana or drugs.  Henson was sanctioned by the Circuit Judge (Decree of Divorce, paragraph 8).  The circuit judge ruled that Waller should follow the procedure in federal court to assert a claim for the seized marital funds (Decree of Divorce, paragraph 9). Finally, the USA wants this court to believe that Waller is bound by Henson's plea of guilty.  This is incorrect.  She is not bound. Henson has already been sanctioned, and he pled guilty to avoid a trial.  Waller is not charged, did not

live with Henson and is not bound by Henson. Finally, it is not credible that a Pulaski County resident can sell marijuana for that amount of cash seized. We are not talking about Meth, Fentanyl or cocaine.

IV.	Waller's claim is not at odds with the evidence for the reasons mentioned. She is an innocent third party who worked with her husband with many businesses. This may come as a surprise to the USA, but many Arkansas citizens do not use banks. If you do not have a direct deposit from a private or government employer, then a bank to hold cash is not necessary.

Waller seeks the entire amount seized. The USA cannot justify not allowing her claim other than Henson was arrested and plead guilty.

V.	**CONCLUSION**

The U.S. cash was not tied to drug-trafficking activity and Waller has explained twice in legal proceedings how the cash came about. This court should believe her and award her the entire amount seized.

Respectfully submitted,

/s/John Ogles_____
John Ogles (AR 89003)
Ogles Law Firm, P.A.
200 South Jeff Davis
Jacksonville, Ark 72076
(501) 982-8339
jogles@aol.com
ATTORNEY FOR CLAIMANT

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2024-Jan-04  15:26:50
60DR-21-3575
C06D02 : 3 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
2nd DIVISION

JOHN HENSON                                                     PLAINTIFF

NO. 60DR-21-3575

TIPPANNEE WALLER-HENSON                             DEFENDANT

## DECREE OF DIVORCE

On the 20th day of November, 2023 this matter came to be considered by the Court. The Plaintiff, John Henson, appearing in person and by his attorney, Margo Warner, and the Defendant, Tippannee Waller-Henson, appearing in person and by her attorney, John Ogles. After careful consideration of the pleadings, evidence presented, testimony of the parties and statements of counsel, the Court finds that:

1. This Court has jurisdiction of the parties and the subject matter of this cause of action.

2. Prior to this hearing, on August 17, 2023, this Court entered an order finding that the Plaintiff had abused the discovery process. In that order, this Court struck the Plaintiff's Complaint for Divorce and his responses to the Defendant's Amended Counterclaim.

3. The Court proceeded to consider only the Defendant's Amended Counterclaim.

4. The Defendant established that she is entitled to a divorce based on continuous separation for more than eighteen months. The Defendant's grounds and residency were corroborated by Karrington Shelton.

5. The Defendant's Counterclaim for Divorce is hereby granted.

6. The Court finds that there is $583,000.00 in marital funds that were seized in a pending federal criminal case, in which the Plaintiff, John Henson, is a Defendant. The Plaintiff has asserted a claim for a return of those funds. During the final hearing in this matter, the Plaintiff invoked his 5th Amendment rights on all questions related to the seized funds.

7. The Court finds that the funds seized in the federal criminal case are marital property, subject to division by this Court.

8. The Court also finds that in addition to the sanctions for abusing the discovery process as outlined in the August 17, 2023 Order, the Defendant shall be entitled to the first $30,000 of any seized marital funds that are released to either party as further sanctions. Thereafter, the parties shall equally split the return of any remaining seized funds to either party.

9. The Court finds that the Defendant shall follow the appropriate procedure through the federal court system to assert a claim for the seized marital funds.

10. The Defendant is awarded the home located at 3219 Homer Adkins, Jacksonville, Arkansas. The Defendant purchased the home two years before the parties married. While the Plaintiff would have an equitable interest in any increase in value of the home, the Court finds that there is no proof of an increase in the value of the home.[1] Therefore, the Plaintiff is not entitled to receive any payment for the home because there was no proof of any increase in value since the marriage.

11. The Court finds that throughout the marriage, the parties owned different personal property. The Court was not provided enough information to adjudicate any personal property. Therefore, the Court finds that both parties shall retain any personal property that is in their respective possession.

12. The Defendant's claim for alimony is denied. The Court finds that neither party has current income; that both parties are receiving assistance from their families; and that both parties have applied for social security disability funds.

13. The Defendant is restored to her former name of Waller.

14. All other issues are denied if not addressed.

---

[1] In fact, the testimony regarding the value of the house is that the value is now diminished given that it is dilapidated with no working shower or stove, a busted heat and air unit and sewer issues. The testimony established Plaintiff left the marital home in the state of disrepair and failed to contribute to its' upkeep since he left in 2018.

15. This Court retains jurisdiction of this cause for any other orders and actions that may be necessary and proper.

IT IS SO ORDERED.

_____
CIRCUIT JUDGE

1-4-24
DATE