IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:22CR00261 DPM |
| | ) | |
| JOHN HENSON | ) | |

TIPPANEE WALLER HENSON                                                                                   CLAIMANT

## UNITED STATES OF AMERICA'S MOTION FOR LEAVE TO FILE INCORPORATED SURREPLY TO TRIAL BRIEF

The United States of America, by and through its attorney Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Amanda Jegley, Assistant United States Attorney for said district, submits the following motion for leave to file incorporated surreply to Claimant's trial brief.

Claimant, Tippannee Henson, filed a trial brief on October 15, 2025, arguing that the *Rooker-Feldman* doctrine applies to this case as to her claim to the U.S. Currency at issue and attached a recent decision of the Eighth Circuit, *Sutter & Gillham PLLC v. Henry*, 146 F. 4th 699 (8th Cir. 2025), that she asserts is directly on point. Because Ms. Henson has raised a new issue that has not been briefed, the United States respectfully requests that this Court grant it leave to file the incorporated surreply. The United States recognizes that surreplies are generally disfavored, although they may be allowed when justice requires. *See Fuller v. Lion Oil Trading and Transportation, LLC*, No. 1:19-CV-1020, 2020 WL 3057392, at *6 (W.D. Ark. June 9, 2020). Such a filing may be considered appropriate when the reply "'contained new information for which the opportunity to respond is needed.'" *See id.* (quoting *Atuahene v. S. D. State Univ.*, No. CIV. 07-4099-KES, 2009 WL 1586952, at *8 (D.S.D. June 4, 2009)). The United States respectfully asserts

1

that filing a surreply is necessary in this case in order to address Ms. Henson's invocation of the recent decision by the Eighth Circuit.

Ms. Henson's claim that the *Rooker–Feldman* doctrine applies to her claim is incorrect. The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). As the Eighth Circuit observed in its recent holding in *Sutter & Gillham PLLC*:

> The post-*Saudi Basic* anchor is the underlying state-court decision and judgment itself. Unlike before, a federal-court plaintiff *can* seek relief for an "allegedly illegal act or omission by an adverse party" in a state-court case, just not "assert[ ] as a legal wrong an allegedly erroneous decision by a state court." *MSK EyEs*, 546 F.3d at 539 (citation omitted). An independent claim against an adverse party from a state-court proceeding is fair game, *see Riehm v. Engelking*, 538 F.3d 952, 965 (8th Cir. 2008), even if it "denies a legal conclusion that a state court has reached," *Saudi Basic*, 544 U.S. at 293, 125 S.Ct. 1517 (citation omitted). But the legal wrong cannot be the state-court judgment itself, with its rejection being the remedy. *See MSK EyEs*, 546 F.3d at 539.

*Id.* at 702. In *Sutter & Gillham PLLC*, the Eighth Circuit vacated the lower court's dismissal of claims arising out of an alleged state-court conspiracy lawsuit. The Court noted that the case "looks nothing like *Rooker* or *Feldman*," citing the fact that none of the parties were asking the district court to declare a state-court judgment "null and void," nor did the lawsuit target the state court with the goal of "inviting [a] review and rejection of" the state court's judgment. *Id.* at 703.

Here, the *Rooker-Feldman* doctrine does not bar the district court's exercise of jurisdiction over this ancillary proceeding. First, the United States is not a "state-court loser," and was not when it initiated the forfeiture proceedings in John Henson's criminal case. In fact, as previously noted in the United States's Reply to Tippannee Henson's Response, it was not a party to Henson's divorce proceedings at all. Second, the United States is not asking this Court to declare the state

2

court's divorce decree "null and void," nor is it inviting a review or rejection of it. It is simply bringing an independent claim for forfeiture under federal law.

Henson asserts the state court legal determinations as to the marital property are binding on the district court, and thus, *Rooker-Feldman* bars the United States from pursuing the forfeiture of Ms. Henson's half of the money. That is not the case. The divorce decree anticipated that Ms. Henson would have to litigate this issue in federal court, as it directed her to follow the appropriate procedure through the federal court system to assert a claim for the seized marital funds. (ECF No. 59, ¶ 9, p. 5 of 6). Likewise, as reflected in the wording of the decree, the state court also anticipated that not all of the money may be returned: "the Defendant shall be entitled to the first $30,000 of any seized marital funds *that are released to either party* as further sanctions. Thereafter, the parties shall equally split the return of any remaining seized funds to either party." (ECF No. 59, ¶ 8, p. 5 of 6) (emphasis added).

Importantly, in the divorce decree, the state court did not address the issue before this Court – whether the money seized was subject to federal forfeiture, and it would have no jurisdiction to do so. In *United States v. Timley*, 443 F.3d 615, (8th Cir. 2006), the Eighth Circuit held that the *Rooker-Feldman* doctrine did not deprive the federal court of subject matter jurisdiction in a federal forfeiture proceeding, noting that "the question before the federal court was whether the money seized was subject to federal forfeiture, a matter the state court did not address." Here, the United States brought independent claims for forfeiture under federal law. In doing so, it did not seek the reversal, modification, or redress of injury arising from a state court judgment—rather, its claim for forfeiture is one for which jurisdiction rests in federal court. This Court should decline to apply *Rooker-Feldman* here.

Respectfully submitted,
JONATHAN D. ROSS,
United States Attorney

By: Amanda Jegley
Bar No. 2010045
Assistant U.S. Attorney
425 W. Capitol Ave.
Little Rock, AR 72201
(501) 340-2600
amanda.jegley@usdoj.gov