**IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF ARKANSAS CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**v.** **NO. 4:22CR00261 DPM**

**JOHN HENSON**

**TIPPANEE WALLER HENSON** **CLAIMANT**

## TRIAL BRIEF

Pending before the Court are three issues regarding procedure:

1. The parties have agreed that John Henson can be sentenced before the forfeiture hearing. The parties have resolved this issue.

2. Whether John Henson can testify without violating his plea agreement.

3. Burden of Proof – Who has burden of proof? The U.S. Attorney believes Ms. Henson does. Ms. Henson believes that the U.S. Attorney has the burden of proof pursuant to Exhibit A which is the policy drafted by the U.S. Attorney's office in Washington, D.C.

## ARGUMENT

**2. Whether John Henson can testify truthfully without violating his plea agreement.**

**A.**

John Henson entered into a plea agreement on July 17, 2024, where he agreed to litigate the forfeiture of $200,000.00 and agreed to forfeit $383,760.00 and $34,000.00. At the hearing of this matter, the Deputy U.S. Attorney stood up in open court and announced that if Mr. Henson proceeded to testify opposite of his plea agreement, she would revoke his plea agreement. In other words, if Mr. Henson testified that the $383,760.00 and $34,000.00 was martial property, she would revoke him.

**B. Due Process Rights of Ms. Henson**

This is the problem. Ms. Henson will testify truthfully that the money confiscated was money the parties saved over the years. Ms. Henson refers the Court to her previously filed trial brief. Ms. Henson will also call her ex-husband to corroborate her testimony. Presumably, Mr. Henson will testify he gave up the $383,760.00 and $34,000.00 in consideration of a better plea offer, which he received. That is not being untruthful.

**C. Problem**

The U.S. Attorney has said she will revoke Mr. Henson's plea offer if he

testifies any way different than what is in the plea agreement. If John Henson testifies truthfully that he gave up the money for a better plea deal, but the parties did not use banks and saved their money in a closet or box that is grounds for revocation? Mr. Henson's attorney has already stated he will not let his client testify truthfully if the plea agreement could be revoked.

The U.S. Attorney changed their policy on representation the intent of the U.S. when the Trump administration took office. See Exhibit B which is a memo dated February 5, 2025. No where in the memo does it encourage the U.S. Attorney to seek the truth. Instead, it is win at all costs, no matter the consequences of not testifying truthfully. That is where the US Attorney's office receives their guidance. It is what it is.

**D. Conclusion**

If all lawyers in this case are not seeking truthful testimony in compliance with the duties and responsibilities as a lawyer and officer of the court, then the entire forfeiture trial cannot be adjudicated truthfully or correctly. It would be an insult to Ms. Henson and the Court. Ms. Henson requests that she be allowed to call witnesses without fear the witness will be intimidated and can testify truthfully.

It should be the intent and goal of all lawyers to require witnesses to testify truthfully under oath which has been the standard in the United States.

**3. Burden of Proof**

**A. There should be no question that the U.S. Attorney has the burden of proof. See Exhibit A which is the Asset Forfeiture Manual for 2025.**

The U.S. Attorney's office chose to bring Ms. Henson in a criminal forfeiture action as a claimant. It could have just as easily brought a civil judicial forfeiture hearing. The burden of proof for criminal proceedings is a preponderance of the evidence. The U.S. Attorney carries the burden. Ms. Henson is allowed to call witnesses and put on evidence in her response to the U.S. Attorney calling witnesses and presenting evidence.

The Government has the burden of proof and Ms. Henson responds with her testimony and evidence. See Exhibit B which is the policy of the U.S. Attorney's office. It is undisputed that the Government carries the burden.

**4. All claims should be decided with one hearing.**

Mr. Henson will be sentenced and then the parties should proceed directly to the forfeiture hearing using the procedure set out in Exhibit A. There should be a ruling after the hearing for Ms. Henson's claim and another ruling for Mr. Henson's claim. Ms. Henson asks the Court to consider the Court's ruling in the divorce case as to how the money will be divided if they are successful. In other words, Ms. Henson does not want a lump sum award for the parties to go back to divorce court to be disbursed.

**5. The only issue that Ms. Henson requests that is out of the ordinary is the witness intimidation by the U.S. Attorney's office.**

The U.S. Attorney may not realize that her statement of intention to revoke the plea agreement comes across as witness intimidation, but you cannot use the plea agreement to avoid truthful testimony. Mr. Henson should be allowed to testify without fear of the plea agreement being revoked. Mr. Henson is not going to ask that the plea agreement be set aside. He should be allowed to testify without any concern on this issue.

Mr. Henson agreed to the forfeiture of $383,760.00 and $34,000 per the plea agreement. There is nothing in the plea agreement that states he cannot testify truthfully in the forfeiture hearing about when he received the money. That is not in conflict with the plea agreement. This Court should issue a ruling that Mr. Henson can testify truthfully under oath without fear of the plea agreement being revoked. Mr. Henson has not filed a motion to set aside the plea agreement.

WHEREFORE, the Court should grant the relief requested by Ms. Henson, and for all other proper relief, including attorney's fees.

Respectfully submitted,

John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
jogles@aol.com

# Types of Federal Forfeiture

Asset forfeiture is a critical legal tool that serves a number of compelling law enforcement purposes. Asset forfeiture is designed to deprive criminals of the proceeds of their crimes, to break the financial backbone of organized criminal syndicates and drug cartels, and to recover property that may be used to compensate victims and deter crime.

Under Federal law, there are three (3) types of forfeiture: criminal forfeiture, civil judicial forfeiture, and administrative forfeiture. See the table below for more information.

| Types of forfeiture | Description |
|---|---|
| **Criminal Forfeiture** | *In personam* (against the person) action against a defendant that includes notice of the intent to forfeit property in a criminal indictment. A criminal conviction is required, and forfeiture is part of the defendant's sentence. Criminal forfeiture is limited to the property interests of the defendant, including any proceeds earned by the defendant's illegal activity. Criminal forfeiture is generally limited to the property involved in the particular counts on which the defendant is convicted. As part of sentencing, a court may order the forfeiture of a specific property listed in the indictment, a sum of money as a money judgment, or other property as substitute property. The government must establish by a preponderance of the evidence the requisite connection between the crime of conviction and the asset. After a preliminary order of forfeiture is entered, a separate, ancillary proceeding begins to determine any third-party ownership interests in the property the government seeks to forfeit. The court then will enter a final order of forfeiture. |
| **Civil Judicial Forfeiture** | *In rem* (against the property) court proceeding brought against property that was derived from or used to commit an offense, rather than against a person who committed an offense. Unlike criminal forfeiture, there is no criminal conviction required, although the government is still required to prove in court by a preponderance of evidence that the property was linked to criminal activity. The proceeding allows the court to gather anyone with an interest in the property in the same case and resolve all the issues with the property at one time. In a civil forfeiture case, the government is the plaintiff, the property is considered the defendant, and any person who claims an interest in the property is a claimant. Civil |



Exhibit A

| Types of forfeiture | Description |
|---|---|
| | forfeiture allows the government to file cases against property that would not be reachable through criminal forfeiture, such as property of fugitives, terrorists, and other criminals located outside the United States. Civil forfeiture also permits recovery of assets of defendants who have died or where the wrongdoer cannot be identified. |
| **Administrative Forfeiture** | *In rem* (against the property) action that permits personal property to be forfeited to the United States without filing a case in federal court. The administrative forfeiture process occurs before the agency that seized the assets when no one has filed a claim contesting the seizure. There are many procedural requirements, including strict time limits and noticing requirements, designed to protect the interests and rights of property holders. Any seizure of property subject to administrative forfeiture must be based on probable cause. The primary benefit of administrative forfeiture is to avoid burdening the courts with judicial actions when no one contests the forfeiture of the seized property. |

For more information and materials: Asset Forfeiture Policy Manual | Attorney General Guidelines on the Asset Forfeiture Program | Forfeiture.gov

*Updated October 11, 2023*

---

**U.S. Department of Justice**

950 Pennsylvania Avenue NW

Washington DC 20530

Contact the Department

Phone: 202-514-2000

TTY/TDD: 800-877-8339

U.S. Department of Justice
Criminal Division
*Money Laundering and Asset Recovery Section*

# Asset Forfeiture Policy Manual 2025

### C.3 Seizure of real property

The government ordinarily does not physically seize real property prior to forfeiture. Indeed, in a civil forfeiture case, 18 U.S.C. § 985(d) bars the government from seizing real property before judgment except where the government notifies the court that it intends to seize the property before trial and the court

(1) makes a pre-seizure *ex parte* determination of probable cause and exigent circumstances or

(2) issues a notice of the application for a seizure warrant, causes the notice to be served on the property owner, and conducts a hearing to give the property owner a meaningful opportunity to be heard.[6]

### C.4 Seizure by state or local law enforcement

An adoptive forfeiture occurs when a state or local law enforcement agency seizes property without federal involvement and requests that a federal seizing agency or the USAO adopt the seizure and proceed with federal forfeiture.[7]

### D. Judicial authority issuing process

While seizure warrants, search warrants, and forfeiture restraining orders are similar in many respects, they differ greatly in one important characteristic. While a search warrant typically must issue from a judge in the district in which the property to be searched is located, forfeiture process, such as a seizure warrant or restraining order, may issue from a judge in the district where the property to be seized is located or in the district that has venue for the prosecution of the criminal or civil judicial forfeiture proceeding.

## III. Seizures for Criminal Forfeiture

### A. What process must the government seek to retain custody of an asset for potential criminal forfeiture?[8]

Criminal forfeiture proceedings are *in personam* and the court does not need to have *in rem* jurisdiction over an asset to make it subject to criminal forfeiture. The government is not required to have an asset subject to criminal forfeiture in the government's possession during the pendency of a criminal forfeiture proceeding. The criminal forfeiture statutes accordingly contemplate that

[6] *See* Chap. 5, Sec. I.C. in this *Manual* for a discussion of the Department's policy on how to obtain *in rem* jurisdiction over real property and the limited circumstances under which it may be appropriate to seek pre-judgment seizure of real property.

[7] *See* Chap. 3 in this *Manual* for a discussion of the policies and procedures involving seizures by state and local law enforcement agencies.

[8] As noted in footnote 9 in Sec. III.A. in this chapter, the question of whether a criminal seizure warrant or restraining order is required to retain custody of an asset for criminal forfeiture does not arise where the asset was originally seized via a criminal seizure warrant under 21 U.S.C. § 853(f) and 18 U.S.C. § 982(b)(1) or a dual-purpose criminal-civil seizure warrant under those statutes and 18 U.S.C. § 981(b).

assets subject to criminal forfeiture might remain in the defendant's custody until the court enters a preliminary order of forfeiture.[9]

But to avoid the dissipation of forfeitable assets, the government often *does* have physical possession of the asset subject to criminal forfeiture before entry of a preliminary order of forfeiture in the criminal case. For example, the government could have obtained custody of the asset by:

- Obtaining a criminal seizure warrant under 21 U.S.C. § 853(f);
- Obtaining a criminal restraining order under § 853(e) that requires the defendant to transfer the asset to the government's custody;
- Seizing the asset as evidence in a criminal investigation;
- Seizing the asset for civil forfeiture via a civil seizure warrant issued under 18 U.S.C. § 981(b), a warrant of arrest *in rem* issued under Supplemental Rule G(3)(b)(ii) after the government filed a civil forfeiture action; or
- Conducting a lawful warrantless seizure for forfeiture purposes.

However, if "criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(C). Accordingly, where the government seeks to criminally forfeit an asset that was originally obtained through some process other than a criminal or dual-purpose seizure warrant and (1) civil, judicial, or administrative forfeiture proceedings against the asset were never commenced or have terminated and (2) the asset lacks sufficient evidentiary value to justify its continued retention as evidence, then *to be entitled to retain custody of the asset for*

[9] *See* 21 U.S.C. § 853(g) ("Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited . . . .").

*criminal forfeiture pending the outcome of the criminal case* under § 983(a)(3)(C), the government must obtain:

- a criminal or dual-purpose seizure warrant,
- a restraining order under § 853(e), or
- a "housekeeping order" under § 853(e) authorizing retention of the asset for criminal forfeiture purposes.[10]

### B. If civil forfeiture is being pursued parallel to criminal forfeiture, no additional criminal restraint process is needed[11]

Assistant U.S. Attorneys (AUSA) should consider preserving the option of pursuing civil forfeiture of assets—particularly high-value assets or unique assets that require special care—even while pursuing criminal forfeiture of those assets, to mitigate risk in the event the defendant is acquitted, flees, or dies before the criminal case is finalized.[12]

The government may retain an asset pending the outcome of a civil forfeiture proceeding as long as (a) an administrative forfeiture proceeding or a civil judicial forfeiture action is pending against the asset or (b) a court has issued either (or both) a civil seizure warrant authorizing its seizure under 18 U.S.C. § 981(b) or a warrant of arrest *in rem* under Supplemental Rule G(3)(b)(ii). This remains

[10] *See United States v. Zazueta-Hernandez*, No. 1:19-cr-00130-MWM-1, 2020 WL 5016940 (S.D. Ohio Aug. 25, 2020) (holding that for assets already in the government's custody, the government may satisfy 18 U.S.C. § 983(a)(3)(B)(ii)(II)'s requirement that the government take steps to assure the availability of the property for criminal forfeiture by requesting only a "housekeeping" order, and noting that because a housekeeping order is not a restraining order as the property is already in the government's custody, order requires no finding of probable cause); *In Re 2000 White Mercedes ML320 Five Door SUV*, 220 F. Supp. 2d 1322, 1325 (M.D. Fla. 2001) (holding that as to property already in government custody, the government may satisfy 18 U.S.C. § 983(a)(3)(B)(ii)(II) by requesting only a "housekeeping" order under 21 U.S.C. § 853(e)); *but see United States v. Escobedo-Coronado*, No. 4:21-cr-00325-GKF-4, 2022 WL 873615,*2–3 n.3 (N.D. Okla. Mar. 23, 2022) (holding that where an asset is already in the government's custody but the government has not previously obtained a finding of probable cause that the asset is subject to criminal forfeiture, and the government seeks to retain custody of the property by satisfying § 983(a)(3)(B)(ii)(II)'s requirement that the government take steps to assure the asset's availability for criminal forfeiture, the government must both allege that the asset is subject to criminal forfeiture in the indictment or a bill of particulars and also obtain a restraining order under 21 U.S.C § 853(e) upon a showing of probable cause that the asset is subject to criminal forfeiture; rejecting *United States v. Zazueta-Hernandez* and other cases holding that the government may satisfy § 983(a)(3)(B)(ii)(II)'s custody preservation requirement without a showing of probable cause as to forfeiture nexus where there has been such no prior finding of probable cause as to nexus).

[11] The question of whether a criminal seizure warrant or restraining order is required in a criminal case for the government to preserve the option of civil forfeiture does not arise where the asset was originally seized via a criminal seizure warrant under 21 U.S.C. § 853(f) and 18 U.S.C. § 982(b)(1) or a dual-purpose criminal-civil seizure warrant under those statutes and 18 U.S.C. § 981(b).

[12] *See United States v. Ajrawat*, 738 F. App'x. 136, 139–40 (4th Cir. 2018) (if defendant's conviction is extinguished because of death while appealing conviction and sentence, the forfeiture and restitution orders must be abated); *United States v. Lay*, 456 F. Supp. 2d 869, 874 (S.D. Tex. 2006) (noting that a conviction typically abates if defendant dies after he is sentenced but before his appeal is final and that this abatement rule applies equally to cases where defendant dies before he has been sentenced and judgment entered against him; vacating conviction and restitution order).

the case even if the civil forfeiture case against the asset is stayed pending resolution of a parallel criminal case.[13]

When an asset is the subject of an administrative forfeiture proceeding and someone made a claim to the asset in that proceeding, *to preserve the government's ability to pursue civil forfeiture of the asset*, within 90 days from the date the claim was filed with the seizing agency in the administrative proceeding the government must:

(1) commence a civil forfeiture action against the asset;

(2) obtain a criminal indictment or file a criminal information "containing an allegation that the property is subject to forfeiture" and "take the steps necessary to preserve [the government's] right to maintain custody of the property as provided in the applicable criminal forfeiture statute"; or

(3) return the property.

*See* 18 U.S.C. § 983(a)(3)(B).[14]

If the government files a civil forfeiture proceeding against the asset within that 90-day period following the filing of the claim in the administrative forfeiture proceeding (or within the time of any court-authorized extension), the government preserves its option to pursue civil forfeiture of the asset. The arrest warrant *in rem* (as well as any civil seizure warrant) authorizes the government's continued possession of the property while the civil forfeiture case is pending.

If, however, the government seeks to satisfy § 983(a)(3)(A) solely by pursuing criminal forfeiture of an asset—*i.e.*, by obtaining an indictment (or filing an information) that includes a forfeiture notice listing the asset as subject to forfeiture within the 90-day period—it must also "take the steps necessary to preserve [the government's] right to maintain custody of the property as provided in the applicable criminal forfeiture statute." *See* 18 U.S.C. § 983(a)(3)(B)(ii)(II).[15]

[13] *See United States v. Stokes*, No. 1:14-CR-290-1-TWT-JKL-1, 2017 WL 5986231, *5 (N.D. Ga. Oct. 23, 2017), *r. & r. adopted*, 2017 WL 5971986 (N.D. Ga. Dec. 1, 2017) (holding that government may lawfully retain possession of funds subject to criminal forfeiture "by virtue of [a] timely filed parallel civil forfeiture action" where funds were seized via civil seizure warrant and after claim was made in administrative proceeding, government filed parallel civil forfeiture case against funds within the 90-day period prescribed in 18 U.S.C. § 983(a)(3); stay of civil forfeiture case pending resolution of criminal case did not affect government's authority to retain the seized funds by virtue of timely filing of parallel civil forfeiture case).

[14] The government may also obtain, from a court in the district where the civil forfeiture complaint will be filed, an extension of the complaint-filing deadline "for good cause shown or upon agreement of the parties." *See* 18 U.S.C. § 983(a)(3)(A). Because it is not always clear who will be the "parties," that is, who will be the claimants, in a not-yet-filed civil forfeiture case, even upon reaching extension stipulations with all the anticipated claimants, an AUSA seeking an extension of the complaint-filing deadline should nonetheless ask the court to make a good-cause finding for the extension.

[15] *See United States v. Lindell*, No. 13-00512 DKW, 2016 WL 4707976, *8 (D. Haw. Sept. 8, 2016) (because government had initially seized funds via a pre-indictment dual-purpose warrant issued under both civil and criminal forfeiture statutes, when the government then obtained an indictment seeking forfeiture of those funds within the time specified in 18 U.S.C. § 983(a)(3)(A), the government was already in compliance with § 983(a)(3)(B)(ii)'s requirement that the government also "take steps necessary to preserve its right to maintain custody" of the property as provided in the applicable criminal forfeiture statute).

To satisfy the requirements of § 983(a)(3)(B)(ii)(II), the government must also obtain within the 90-day period:

- a criminal or dual-purpose seizure warrant,
- a restraining order under 21 U.S.C. § 853(e), or
- a "housekeeping order" under § 853(e) authorizing retention of the asset for criminal forfeiture purposes.[16]

Finally, if within that 90-day period (or any court-authorized extension), the government fails either (1) to commence a civil forfeiture proceeding against the asset or (2) to both commence a criminal action seeking forfeiture of the asset and obtain a criminal seizure warrant, restraining order, or housekeeping order to preserve the government's right to retain the asset for criminal forfeiture, then the government may not seek civil forfeiture of the asset. In that circumstance, the statute requires that the government "promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense." *See* 18 U.S.C. § 983(a)(3)(B).

The 90-day deadline provision in § 983(a)(3) applies only where an asset was the subject of an administrative forfeiture proceeding in which a claim was made. *See* 18 U.S.C. § 983(a)(2)(A) & (a)(3). If the seizing agency did not commence an administrative forfeiture proceeding against the asset, then the 90-day deadline and the other requirements of § 983(a)(3) do not apply. Still, even in such cases, if the government pursues only criminal forfeiture of an asset, the government may not lawfully maintain possession of that asset by relying solely on a civil seizure warrant. Rather, in that case, and as noted in Section III.A. in this chapter, the government must obtain either a criminal seizure warrant, restraining order, or housekeeping order to be entitled to retain the asset for criminal forfeiture.

### C. Property seized without a warrant

Under 18 U.S.C. § 981(b), property may be seized for civil judicial or administrative forfeiture without a warrant if probable cause exists for the seizure and an exception to the warrant requirement applies. If the seizure satisfies those conditions, the government may maintain physical possession of the property pursuant to the § 981(b) seizure during the pendency of parallel criminal and civil judicial or administrative forfeiture proceedings to the same extent it could if the property had been seized with a warrant. However, as described above, if the related civil judicial or administrative forfeiture is terminated or not filed within the statutory deadline, the government will have to maintain physical possession pursuant to a criminal seizure warrant, pretrial restraining order, housekeeping order, or as evidence.

[16] If the government has already obtained a pre-indictment criminal or dual-purpose seizure warrant or a criminal restraining order as to the asset, then the government need not take any further steps. *See* footnote 10 in Sec. III.A. in this chapter for cases holding that as to property already in government custody, the government may satisfy 18 U.S.C. § 983(a)(3)(B)(ii)(II) by requesting only a "housekeeping" order under 21 U.S.C. § 853.

**Office of the Attorney General**
**Washington, D. C. 20530**

February 5, 2025

MEMORANDUM FOR ALL DEPARTMENT EMPLOYEES

FROM: THE ATTORNEY GENERAL

SUBJECT: GENERAL POLICY REGARDING ZEALOUS ADVOCACY ON BEHALF OF THE UNITED STATES[1]

It is the job of an attorney privileged to serve in the Department of Justice to zealously defend the interests of the United States. Those interests, and the overall policy of the United States, are set by the Nation's Chief Executive, who is vested by the Constitution with all "[E]xecutive Power." More broadly, attorneys are expected to zealously advance, protect, and defend their client's interests. Department of Justice attorneys have signed up for a job that requires zealously advocating for the United States.

The responsibilities of Department of Justice attorneys include not only aggressively enforcing criminal and civil laws enacted by Congress, but also vigorously defending presidential policies and actions against legal challenges on behalf of the United States. The discretion afforded Department attorneys entrusted with those responsibilities does not include latitude to substitute personal political views or judgments for those that prevailed in the election.

When Department of Justice attorneys, for example, refuse to advance good-faith arguments by declining to appear in court or sign briefs, it undermines the constitutional order and deprives the President of the benefit of his lawyers. It is therefore the policy of the Department of Justice that any attorney who because of their personal political views or judgments declines to sign a brief or appear in court, refuses to advance good-faith arguments on behalf of the Administration, or otherwise delays or impedes the Department's mission will be subject to discipline and potentially termination, consistent with applicable law.

---

[1] This guidance is not intended to, does not, and may not be relied upon to create, any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

Exhibit B