IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA PLAINTIFF

v. No. 4:22-cr-261-DPM

JOHN ALFRED HENSON DEFENDANT

TIPPANNEE WALLER HENSON CLAIMANT

# ORDER

**1.** This case is scheduled for a two-hour forfeiture hearing on 20 August 2026. The Court appreciates the briefs on the issues raised at the last hearing. It rules now on some architectural issues to make things go smoothly on August 20th.

**2.** Henson was unable to produce a urine sample for drug testing before the last hearing. The Court told him then, and reminds him now, that he must therefore come to court earlier than usual for testing. The courthouse opens to the public at 7:30. The Probation Office opens at 8:00. Henson must be at the Probation Office when it opens. The Court has alerted the Probation Office to be prepared to test him first thing.

**3.** Despite the parties' agreement, the Court finds that the better course is to resolve the money issues before sentencing. Henson will be sentenced at a later date.

**4.** Here is how the hearing will proceed. The Court will take up John Henson's claim to the $200,000 first. The government bears the burden of proof by a preponderance of the evidence that the money is drug proceeds or was used to facilitate drug activity. *United States v. Peithman*, 917 F.3d 635, 651 (8th Cir. 2019). So, we will start with the government. Then John Henson can put on his evidence, if any, and the government can offer rebuttal evidence, if any. The Court will only hear argument, evidence, and objections from the government and John Henson during this portion of the hearing. One caveat: if Tippannee Henson is called as a witness, her lawyer can make objections during her testimony.

The Court will then hear Tippannee Henson's claim to the $583,000. She bears the burden of proof by a preponderance of the evidence that she "has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section[.]" 21 U.S.C. § 853(n)(6)(A). Therefore, she'll go first, followed by the government if it has any additional proof. If the government puts on additional proof, Tippannee Henson can offer evidence to rebut it. The same rule and caveat applies: this portion of the hearing is for the

government and Tippannee Henson, not John Henson.

After all the evidence in both phases has been received, the Court will hear brief closing arguments from the government, John Henson, and Tippannee Henson, in that order. Each side gets thirty minutes to put on evidence and make argument. That time limit will be strictly enforced. Only objections pause the clock. The Court will then make its findings of fact and conclusions of law.

**5.** That leaves the matter of whether Tippannee Henson can call John Henson as a witness. The Court has reviewed the plea agreement. John Henson agreed not to assist any other individual in contesting the forfeiture of the $34,000 seized during the controlled delivery and $383,760 of the money discovered at his house. *Doc. 28 at 10.* He would violate the agreement if he testified in favor of Tippannee Henson's claim to any of those funds. He might also be committing perjury. John Henson testified under oath that all this money was connected with the drug business. *Doc. 65 at 23–24.*

He made no such agreement about the $200,000. The Court sees no issue in him testifying about the $200,000 during Tippannee Henson's portion of the hearing. As for the remainder of the money, he can provide testimony consistent with what he said at the plea, give inconsistent testimony—which could have consequences for both this case and beyond, or he can invoke his Fifth Amendment rights.

So Ordered.

D.P. Marshall Jr.
United States District Judge

3 August 2026